CIVIL ACTION NO. 10-284-GWU

DAVID WAYNE NAPIER,                                    PLAINTIFF,

VS.                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

David Napier brought this action to obtain judicial review of an administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1.   Is the claimant currently engaged in substantial gainful activity? If so, the claimant is not disabled and the claim is denied.

2.   If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities? If not, a finding of non-disability is made and the claim is denied.

3.   The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.  At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.  If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole

and must take into account whatever in the record fairly detracts from its weight.

Garner, 745 F.2d at 387.

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform,

then an award of benefits may, under certain circumstances, be had.  E.g.,  Faucher

v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the

ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

and analyze factors such as residual functional capacity, age, education and work

experience.

One of the residual functional capacity levels used in the guidelines, called

"light" level work, involves lifting no more than twenty pounds at a time with frequent

lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting

most of the time with some pushing and pulling of arm or leg controls; by definition,

a person capable of this level of activity must have the ability to do substantially all

these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

the capacity to lift no more than ten pounds at a time and occasionally lift or carry

small articles and an occasional amount of walking and standing.  20 C.F.R. §

404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly

diminishes his capacity to work, but does not manifest itself as a limitation on

strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions  .  .  . or heightened sensitivity to environmental

contaminants . . . rote application of the grid [guidelines] is inappropriate . . . ."
Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Id. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Napier, a 52-year-old man with a "limited" education, suffered from impairments related to low back pain secondary to degenerative disc disease of the lumbosacral spine with compression fractures of L1 and L3, morbid obesity, and an adjustment disorder with depressive features.  (Tr. 10, 17).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work.  (Tr. 14-16).  Since the

available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 17-18). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 17).

In assessing Napier's physical condition, the ALJ indicated that a prior DIB application had been denied in a decision which became final as of February 13, 2006. (Tr. 7). In this prior denial decision, the claimant had been found capable of performing light level work restricted from a full range by an inability to more than occasionally bend and stoop. (Tr. 591). The current ALJ noted that under Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997), he was bound by the findings of the previous ALJ barring a finding of subsequent improvement and that Acquiescence Ruling 98(4) required the adoption of the previous findings in the absence of new and material evidence or a change in the law. (Tr. 8). The ALJ stated that he was adopting the findings of the prior ALJ. (Id.).

The court must first determine the time frame applicable to this appeal. Napier claimed a disability onset date of August 5, 2004 on his DIB application. (Tr. 49). As previously noted, the ALJ reported that a prior DIB application had been denied in a decision final as of February 13, 2006. (Tr. 7). This denial decision was not reopened on the current application. (Id.). Therefore, the time period for

consideration runs from the February 14, 2006 date after the recent denial decision through the March 28, 2008 date of the current denial decision.

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of DIB.  Therefore, the court must grant the plaintiff's summary judgment motion to the extent that it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) an inability to ever balance and climb ladders, ropes or scaffolds; (2) an inability to more than occasionally stoop, kneel, crouch, crawl and climb stairs or ramps; (3) a need to avoid exposure to concentrated vibrations or industrial hazards; (4) a limitation to entry level work requiring only simple, repetitive procedures with no frequent changes in work routines and no requirement for detailed or complex problem solving; and (5) an inability to perform work requiring independent planning or setting of goals with only occasional interaction with the general public.  (Tr. 578).  In response, the witness indicated that Napier's past work would be precluded but also identified a significant number of other jobs which could still be performed.  (Tr. 578-579).  These restrictions

included several limitations not found by the previous ALJ.  The current ALJ relied upon this information to support the administrative decision.  (Tr. 17).

Napier argues that the ALJ erred in evaluating his physical condition.  In September of 2007, Dr. George Chaney, a treating source, opined that the plaintiff would be restricted from lifting more than 10 pounds.  (Tr. 543).  Other limitations included an inability to sit for more than a total of two hours a day in 30-minute intervals, stand or walk for more than a total of two hours a day in 30-minute intervals, a need for a sit/stand at will option, an inability to more than occasionally twist, stoop, crouch, and climb, and a need to avoid even moderate exposure to temperature extremes, wetness, humidity and hazards.  (Tr. 543-545).  These are more severe physical restrictions than those found by the ALJ.  The ALJ rejected the opinion as binding because he did not believe that it was consistent with the longitudinal record as well as the claimant's engaging in activities such as ATV riding which were inconsistent with his limitations.  (Tr. 15-16).  Nevertheless, this opinion does not support the administrative denial decision.

Dr. Richard Lingreen, another treating physician, also completed a Physical Ability to do Work-Related Activities Form in September of 2007.  Dr. Lingreen opined that Napier would be limited to lifting no more than ten pounds.  (Tr. 552). The doctor thought that the plaintiff would have a maximum ability to stand or walk for no more than a total of two hours a day and sit for no more than a total of two

hours a day, changing position every 30 minutes.  (Id.).  The claimant would have no ability to twist, stoop, crouch, or climb ladders.  (Tr. 553).  The doctor indicated that reaching, pushing and pulling would all be impaired.  (Id.).  Napier would need to avoid all exposure to hazards.[1]  (Tr. 554).  These are more severe physical limitations than those found by the ALJ.  The ALJ rejected Dr. Lingreen's opinion for the same reasons as that of Dr. Chaney--that it was not consistent with the longitudinal record and inconsistent with his daily activities.  (Tr. 15-16).  Like that of Dr. Chaney, the opinion of Dr. Lingreen does not support the administrative denial decision.

In determining that Napier could perform a restricted range of light level work, the ALJ relied heavily upon the opinion of Dr. Parandhamulu Saranga, a non–examining medical reviewer.  (Tr. 15).  Dr. Saranga opined that the plaintiff would be able to perform light level work restricted from a full range by an inability to more than occasionally stoop.  (Tr. 359-366).  Treating and examining sources are generally accorded greater weight than non-examiners under the administrative regulations.  20 C.F.R. § 404.1527(d)(1) and (2).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th

---

[1]Dr. Lingreen noted similar restrictions on an August, 2006 assessment form.  (Tr. 334-338).

Cir. 1994).  Social Security Ruling 96-6p suggests that when the examiner is also a treating source, then the non-examiner needs to have reviewed a complete record which contains the opinion of a specialist who had access to more detailed and comprehensive information than the treating source.  In the present action, Dr. Saranga saw the record in October of 2006.  (Tr. 366).  Thus, the doctor did not have the opportunity to see and comment upon the opinions issued in September of 2007 by Dr. Chaney and Dr. Lingreen.  The reviewer also had no opportunity to see the numerous other medical records which came into evidence after October of 2006.  This evidence includes an MRI scan of the lumbar spine from January of 2007 which revealed scoliosis in the coronal planes, slight lumbar kyphosis, and degenerative disc disease and spondylosis at L2-S1, T12-L1, T11-T12.  (Tr. 460). Thus, at least some objective medical evidence, not seen by Saranga, could support the opinions of the treating sources.  The ALJ should at least have sought the advice of a medical advisor who had seen a complete record and commented upon it.  Therefore, a remand of the action for further consideration is required.

Napier also argues that the ALJ erred in evaluating the credibility of his testimony by failing to provide specific rationale for rejecting this testimony. However, the ALJ cited a number of factors to support this finding such as the plaintiff's continued pursuit of his four-wheeler hobby despite claims of disabling pain and medical restrictions from Dr. Chaney and Dr. Lingreen which would

preclude such a hobby.  (Tr. 16).  Therefore, the court must reject this argument of the claimant.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 10th day of November, 2011.

**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**